**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 9, 2020**

# In the Court of Appeals of Georgia

A20A1319. CKCG HEALTHCARE SERVICES, INC. et al. v. McF-048
GEORGIA DEPARTMENT OF COMMUNITY HEALTH.

MCFADDEN, Chief Judge.

This direct appeal is from a superior court decision reviewing decisions of a state administrative agency. Because the appellants failed to submit an application for discretionary appeal as required by OCGA § 5-6-35, we lack jurisdiction and the appeal must be dismissed.

1. *Facts and procedural posture.*

The Georgia Department of Community Health is responsible for regulating health care facilities in Georgia, including private home care providers. See OCGA § 31-7-300 *et seq*. CKCG Healthcare Services, Inc. and Shannon Private Home Care, Inc. are two such licenced private home care providers. In August and October 2018,

the department performed separate licensure inspections of Shannon and CKCG. Pursuant to the inspections, which included record reviews and employee interviews, the department determined that both CKCG and Shannon were improperly using certain certified nursing assistants in violation of department rules and state law prohibiting the use of unlicensed independent contractors to provide home care services. The department notified CKCG and Shannon of its decisions and directed each of them to provide specific plans to correct each violation within ten days of receipt of their respective violations reports.

CKCG and Shannon jointly challenged the decisions by filing a petition for declaratory judgment in superior court, arguing that OCGA § 31-7-300 does not prohibit them from using certified nursing assistants as independent contractors to provide home care services and that department regulations conflict with the statute. After a hearing, the court entered a final order denying the petition, finding that the statute does not allow the use of certified nursing assistants as independent contractors to provide home care services, that department regulations are consistent with the statute, and that CKCG and Shannon were in violation of department rules and state law when they used unlicensed nursing assistants as independent contractors to provide home care services. CKCG and Shannon filed this direct appeal from that

order. The department moved to dismiss the appeal on the basis that it fails to comply with the mandatory application procedures of OCGA § 5-6-35.

2. *Application for appeal.*

"OCGA § 5-6-35 (a) (1) requires an application for [a]ppeals from decisions of the superior courts reviewing decisions of state and local administrative agencies." *Schumacher v. City of Roswell*, 301 Ga. 635, 636-637 (1) (803 SE2d 66) (2017) (punctuation omitted). That requirement obtains notwithstanding that the superior court's "judgment was entered in a proceeding for . . . declaratory relief. . . . [W]hen we consider the nature of the proceedings in the superior court for the purposes of OCGA § 5–6–5 (a) (1), we look to the substance of those proceedings, not merely the form of the relief sought." *State of Ga. v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 407 (4) (788 SE2d 455) (2016).

"[A]n act of an administrative agency is a 'decision' within the meaning of this statute only when it is a determination of an 'adjudicative nature.'" *Schumacher*, supra at 637 (1). "Determinations of an adjudicative nature, [unlike those of a legislative nature], are immediate in application, specific in application, and commonly involve an assessment of facts about the parties and their activities, businesses, and properties." Id. (citation omitted). Our Supreme Court has rejected

the argument "that a 'decision' also must be marked by formal adjudicative procedures." *Keystone Knights*, supra at 404 (4).

Here, the department's determinations were adjudicative in that they involved an investigation and assessment of facts about CKCG and Shannon regarding their use of certified nursing assistants in their business activities, and the department's decisions were immediate and specific in application to CKCG and Shannon in that they assessed specific violations of department rules and directed that corrective action be taken immediately. Because CKCG and Shannon appeal from the superior court's decision reviewing the department's adjudicative decisions, they were "required under OCGA § 5-6-35 (a) (1) to bring [their] appeal by way of an application for discretionary review. [They] failed to do so, and that circumstance leaves this [c]ourt without appellate jurisdiction. Accordingly, this appeal must be dismissed." *Keystone Knights*, supra at 408 (5). Compare *Carson v. Brown*, 348 Ga. App. 689, 697 (1) (c) (i) (824 SE2d 605) (2019) (application for appeal not required where there was no administrative decision).

*Appeal dismissed. Doyle, P. J., and Hodges, J., concur.*